Case 4:14-cr-00048 Document 179 Filed on 10/09/20 in TXSD Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
October 09, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| *Plaintiff-Respondent*, | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:14-CR-48-1 |
| | § | CIVIL ACTION NO. 4:17-CV-3734 |
| REBECCA LEE RABON, | § | |
| *Defendant-Movant.* | § | |

## ORDER

The Court has before it the Memorandum and Recommendation of the United States Magistrate Judge (Doc. No. 174) as well as the objections filed by Rebecca Lee Rabon ("Rabon") (Doc. No. 177). Given the fact that Rabon has objected, the Court, as it must, has reviewed this matter *de novo*.

The Memorandum and Recommendation denies the relief sought by Rabon, but recommends that Rabon be resentenced without the two-level enhancement imposed pursuant to the United States Sentencing Guidelines ("USSG") §§ 2B.1.1(b)(7)(A) and (b)(i). Rabon sought relief based almost entirely upon claims that she received ineffective assistance of counsel. Her objections to the Memorandum and Recommendation are again primarily based upon that ground. Her contentions can be subdivided into three main categories. First, her trial counsel was an ineffective advocate for her position, primarily at the sentencing, but also when her pretrial release bond was revoked. Second, her counsel was ineffective because he allowed the Court to apply the Guidelines in a fashion that she deems "double counting" or getting penalized twice for the same act or omission. Third, she complains about the advice she received when entering her plea. There are obviously other objections and nuances to these main categories, but almost all were addressed and overruled in the Memorandum and Recommendation. This Court does

consider all of them *de novo* and overrules the objections and adopts the Memorandum and Recommendation.

In so doing, the Court orders the Probation Office to prepare an amended judgment which omits the two-point enhancement cited above. That would reduce Rabon's USSG offense level to 32; her criminal history category remains a 1. The resulting USSG sentencing range is 121 to 151 months, as opposed to the range of 151 to 188 months utilized by this Court's predecessor. This Court acknowledges that its predecessor, in announcing the sentence, indicated that she would have given the same sentence even if the guideline range calculation was found to be different. Nevertheless, she made this statement in a vacuum and was unaware that there may have been an objection that was not addressed. Further, the judge evidenced her intention to sentence at the lower end of the guideline range. Even the Government has conceded "that the two-level enhancement . . . should not [have] applied . . . [and that] the Government has no objection to the Court resentencing Rabon without the two-level enhancement." (Doc. No. 169 at 23, n. 6). That being the case, the Court has no hesitation in entering an Amended Judgment at the low end of the appropriate USSG range. It readopts the Presentence Investigation Report with this notable exception.

The Court therefore will enter an Amended Judgment that sentences Rabon to a term of 120 months as to Counts 1, 20, and 29 to be served concurrently and one month as to Counts 31, 34, and 37 to be served concurrently with each other but consecutive to Counts 1, 20, and 29, for a total of 121 months. All other terms and conditions are to remain the same. To the extent this is interpreted as a non-guideline sentence, the Court hereby varies.

Therefore, the Court adopts the Memorandum and Recommendation and denies the Motion to Vacate, Set Aside or Correct Sentence (Doc. No. 155) with the sole exception of the two-point enhancement described above. It overrules the Defendant's objections. (Doc. No. 177).

Finally, Rabon has asked this Court to alter the terms of her home confinement so that she may obtain work as a long-haul truck driver. (Doc. No. 178). Rabon is still in the custody of the Bureau of Prisons (BOP), albeit in home confinement status. This Court will not interfere or second guess the BOP's decision to allow her the privilege of home confinement, but in the same vein it will equally not second guess whatever appropriate restrictions the BOP has placed on her while she remains in that status. Therefore, the Court denies the request to enter an order compelling a change in the restrictions she is currently facing. Assuming matters progress, as everyone hopes they will, the Court might consider such a request when Rabon leaves BOP custody and is placed on the term of supervised release ordered as part of the Amended Judgment.

SIGNED at Houston, Texas this 9th day of October, 2020.

Andrew S. Hanen
United States District Judge